IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH LEE GURNSEY,

      Petitioner,                        No. CIV S-07-1900 MCE KJM P

      vs.

JOHN MARSHALL, Warden,

      Respondent.                   FINDINGS & RECOMMENDATIONS

_____/

      Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. On March 21, 2008, he filed an ex parte request for injunctive relief prohibiting respondent from transferring him out-of-state.

      The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of

irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id. Speculative injury does not constitute irreparable harm. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). A presently existing actual threat must be shown, although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine Servs. Co., 844 F.2d at 674.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Petitioner first relies on rule 23(a) of the Federal Rules of Appellate Procedure. In pertinent part, that rule provides "[p]ending review of a decision in a habeas corpus proceeding . . . the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule." It does not prevent transfer in this case; by its own terms, the rule "applies only when a habeas action is before the court of appeals on review of a district court's decision." Mitchell v. McCaughtry, 291 F.Supp.2d 823, 835 (E.D. Wis. 2003).

Petitioner then argues that it will be difficult for him to pursue this action from an out of state prison. His showing does not rise to the level of irreparable injury.

IT IS HEREBY RECOMMENDED that petitioner's request for injunctive relief (docket no. 19) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 11, 2008.

_____
U.S. MAGISTRATE JUDGE

2
gurn1900.56