IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH LEE GURNSEY,

    Petitioner,                    No. CIV S-07-1900 MCE KJM P

    vs.

STATE OF CALIFORNIA,          ORDER AND

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss the petition on the ground that its claims are not exhausted. Petitioner has filed a motion for the appointment of counsel.

I. Background

        Petitioner pled guilty to one count of driving under the influence causing injury and admitted that he had suffered one prior strike in exchange for the prosecution's agreement to strike three additional strike allegations and dismiss another count. The Butte County Superior Court selected the upper term and sentenced petitioner to a total term of six years in prison. Lodged Document (Lodg. Doc.) 1 at 1.

/////

1

1  Through counsel, petitioner appealed his sentence, arguing that the imposition of
2  the upper term violated his Sixth and Fourteenth Amendment rights under <u>Cunningham v.</u>
3  <u>California</u>, 549 U.S. 270 (2007).  The Court of Appeal dismissed the appeal, however, because
4  petitioner had failed to obtain a certificate of probable cause and found, in the alternative, that the
5  claim of sentencing error was not well taken.  Lodg. Doc. 1 at 4-6, 7-10.

6  Acting in pro per, petitioner filed a petition for review in the California Supreme
7  Court raising three grounds: the court erred in denying his motion to discharge counsel; trial
8  counsel refused to file a motion to strike his prior convictions; and counsel was ineffective in
9  failing to challenge the validity of the four charged strikes.  Lodg. Doc. 3 (Case No. S155722).
10 The Supreme Court denied the petition for review.  Lodg. Doc. 4.

11 Petitioner also filed a petition for a writ of habeas corpus in the California
12 Supreme Court, challenging Stanislaus County convictions used as strikes in the Butte County
13 prosecution.  Lodg. Doc. 5 (Case No. S144128).  This was denied.  Lodg. Doc. 6.

14 The California Supreme Court's public docket shows only these two actions filed
15 on petitioner's behalf.  <u>See</u> Cal. Supreme Ct. Docket (available on line; accessed 9/02/08).

16 The instant petition challenges the Butte County conviction for driving under the
17 influence causing injury, and raises three grounds:  (1) the trial judge refused to allow petitioner
18 to file a motion to challenge the validity of the Stanislaus County strikes; (2) petitioner's plea
19 was obtained through trial counsel and trial court coercion and petitioner's motion to discharge
20 counsel was denied; and (3) trial counsel was ineffective in failing to file motions, obtain
21 documents and present legal defenses.[1]
22 /////
23 /////
24 /////

---

[1] The petition includes four grounds, but the fourth appears to be a claim that the other claimed errors were prejudicial.

II. The Exhaustion Of State Remedies

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir 1985).  There are three elements to the fair presentation requirement:

> A petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim.  A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim.

Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

Respondent argues that the issues in the petition are not exhausted because petitioner did not present them to the California Supreme Court through the proper vehicle.[2]

In Castille v. Peoples, 489 U.S. 346, 348, 351-52 (1989), the Supreme Court considered whether a claim brought in a petition for allocatur before the Pennsylvania Supreme Court could satisfy the requirement of fair presentation because of the discretionary nature of allocatur review in Pennsylvania.  The Court held that the fair presentation requirement has not been met "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor."  Id. at 351 (internal citation & quotation omitted; spelling as in original).

/////

/////

---

[2] Respondent also alleges that the claims in the state habeas petition filed in the California Supreme Court are different from the claims presented in the instant petition.  As petitioner points out, however, the state habeas petition challenged his Stanislaus county conviction, not the Butte County conviction at issue in this action.  Opp'n at 1-2.

The Supreme Court returned to the fair presentation issue in Baldwin v. Reese, where it observed that:

> To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

541 U.S. 27, 29 (2004) (citation omitted).

Relying on Castille and Baldwin, the Ninth Circuit also has held that "to exhaust a habeas claim, a petitioner must properly raise it on every level of direct review." Casey v. Moore, 386 F.3d 896, 916 (9th Cir. 2004). In Casey, the petitioner had raised cross-examination and prosecutorial misconduct claims in the state court of appeals but had not argued that the errors were federal constitutional violations. When he filed his discretionary petition for review in the Washington Supreme Court, petitioner argued that the errors had violated the Confrontation Clause and the Due Process Clause. The Ninth Circuit recognized that other circuits found a claim unexhausted when it was raised for the first time on discretionary appeal and found Casey's issues, federalized for the first time in the state supreme court, to be unexhausted. Id. at 918.

In California, a petition for review to the California Supreme Court is a discretionary appeal: "As a policy matter, on petition for review the Supreme Court normally will not consider an issue that the petitioner failed to timely raise in the Court of Appeal." Cal. R. Ct. 8.500(c)(1). In this case, appellate counsel raised only a Cunningham claim in the Court of Appeal; acting in pro per, petitioner raised the additional issues about his plea, counsel's effectiveness, and his inability to challenge the validity of his prior strikes for the first time in his petition for review in the California Supreme Court. Accordingly, petitioner is in the same procedural posture as the petitioners in Castille and Casey. His petition for review did not exhaust his state remedies.

/////

In light of this conclusion, the court does not find the appointment of counsel warranted.

IT IS ORDERED that petitioner's motion for the appointment of counsel (docket no. 25) is denied.

IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (docket no. 14) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 2, 2008.

U.S. MAGISTRATE JUDGE

2 gurn1900.157